**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 08-4103**

—————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

BILLY RAY WOODY,

             Defendant - Appellant.

—————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:99-cr-00263-NCT-1)

—————

Submitted:  July 31, 2008          Decided:  August 7, 2008

—————

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Ray Woody appeals from the district court's order revoking his supervised release and sentencing him to twelve months imprisonment after finding he violated the terms of his release. Woody's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal, but challenging the sufficiency of the evidence and the reasonableness of Woody's sentence. Woody was advised of his right to file a pro se supplemental brief, but has not done so. Finding no meritorious issues and no error by the district court, we affirm the revocation order and the sentence imposed.

At the revocation hearing, Woody admitted to the charged violations, but presented explanations for his conduct, asserting that he had good reasons for driving without a valid license and that the scheduled drug treatment programs conflicted with his work schedule. In light of Woody's admission to several of the charged violations and the district court's findings—based on the testimony of the probation officer—that Woody violated the terms of his supervision as charged in the revocation petition, we find no abuse of discretion by the district court in revoking Woody's supervised release. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 2008); United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995).

- 2 -

Woody also challenges the reasonableness of the twelve-month term of imprisonment imposed. He contends that the sentence was greater than necessary to achieve the purposes of sentencing in light of the fact that his conduct during this term of supervised release was better than it was during his previous term of supervised release. He requested that he be allowed to return to his job and his family.

In imposing sentence, the district court agreed that Woody had done better, but noted that he had failed to comply with the supervised release terms. Therefore, the court found that revocation and a twelve-month sentence were appropriate. This sentence was within the eight-to-fourteen-month advisory guideline range and within the twelve-month maximum allowed by statute, and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006); United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006); 18 U.S.C.A. § 3583(e)(3); U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s.

In accordance with Anders, we have independently reviewed the entire record and find no meritorious issues for appeal. Accordingly, we affirm the district court's order revoking Woody's supervised release and imposing a twelve-month sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed,

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED